# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **MONZER K. AL-DADAH, LLC**, and **MONZER K. AL-DADAH**, an individual, <br><br> Defendants. | Civil Case No. 22-cv-1144 |

## COMPLAINT

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("the Secretary"), brings this action for injunctive and other relief pursuant to the provisions of section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 660(c) [hereinafter referred to as "the Act"].

### I.

1. Jurisdiction over this action is conferred on this Court pursuant to section 11(c)(2) of the Act, 29 U.S.C. § 660(c)(2), and by 28 U.S.C. §§ 1331 and 1345.

### II.

2. Defendant Monzer K. Al-Dadah, LLC ("Al-Dadah, LLC"), is now, and at all times material herein, was a limited liability corporation engaged in providing dental services within the state of Illinois. Al-Dadah, LLC, maintains an office and conducts business at 2412 West Forrest Hill Avenue, Peoria, Peoria County, Illinois 61604, within the jurisdiction of this Court.

3. Defendant Monzer K. Al-Dadah, an individual ("Dr. Al-Dadah"), is now, and at all times materials herein, was a resident of the State of Illinois and the sole owner and manager of Al-Dadah, LLC. Dr. Al-Dadah, at all times material herein, acted directly or indirectly in the interest of Al-Dadah, LLC, and was therefore conducting business at 2412 West Forrest Hill Avenue, Peoria, Peoria County, Illinois 61604, within the jurisdiction of this Court.

4. Defendants Al-Dadah, LLC, and Dr. Al-Dadah (hereinafter, collectively, "Defendants") were, at all times material herein, "persons," as defined by section 3(4) of the Act, codified at 29 U.S.C. § 652(4), and "employers," as defined by section 3(5) of the Act, codified at 29 U.S.C. § 652(5).

### III.

5. Ketra Mathews ("Ms. Mathews") was employed by Defendants as a dental assistant for over 20 years until April 2, 2020, when she was terminated by Defendants.

6. Ms. Mathews was, at all times material herein, an employee who was employed by an employer as defined by sections 3(5) and 3(6) of the Act, codified at 29 U.S.C. § 652(5), (6).

7. As early as March 15, 2020, Ms. Mathews began discussing with other employees of Al-Dadah, LLC, her concerns regarding the COVID-19 pandemic and precautions for preventing the spread of coronavirus at their workplace.

8. On March 29 and 30, 2020, Ms. Mathews sent text messages to Dr. Al-Dadah expressing her concerns regarding the COVID-19 pandemic and inquiring about safety measures that would be implemented to keep employees safe from coronavirus during dental procedures. Specifically, Ms. Mathews expressed concerns about exposure to coronavirus during surgical tooth extractions that generate aerosols, without N95 respiratory protection.

9. On the afternoon of March 30, 2020, Ms. Mathews was assisting Dr. Al-Dadah in a tooth extraction procedure when the tooth broke, necessitating the use of a handpiece to help remove the tooth. Concerned that the handpiece would generate aerosols, Ms. Mathews refused to continue assisting with the procedure and left the treatment room.

10. On March 31, 2020, Ms. Mathews contacted the Occupational Safety and Health Administration ("OSHA") to complain that employees are exposed to coronavirus during surgical tooth extractions resulting in aerosol generation and employees are not provided N95 masks.

11. OSHA attempted to contact Defendants regarding this complaint on March 31, 2020 and left a phone message.

12. On the morning of April 1, 2020, Dr. Al-Dadah spoke to a Compliance Safety and Health Officer from OSHA regarding the complaint received on March 31, 2020.

13. Immediately after speaking to OSHA, Dr. Al-Dadah questioned his employees, including Ms. Mathews, regarding who had made the OSHA complaint. Dr. Al-Dadah accused Ms. Mathews of making the OSHA complaint.

14. Later that morning, in response to being questioned by Dr. Al-Dadah about the OSHA complaint, another employee, Megan Kelleher, showed Dr. Al-Dadah text messages and group chats where Ms. Mathews expressed her concerns about the COVID-19 pandemic.

15. On the morning of April 2, 2020, Defendants and their counsel had a meeting with Ms. Mathews and informed her that she was being terminated for walking out of a procedure and for creating a toxic work environment.

16.     On April 2, 2020, Ms. Mathews timely filed a formal complaint with OSHA alleging Defendants discriminated against her in violation of section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1), by terminating her for engaging in protected activity.

17.     The Secretary subsequently investigated Ms. Mathews' discrimination complaint in accordance with section 11(c)(2) of the Act, 29 U.S.C. § 660(c)(2), and determined Defendants violated Section 11(c)(1) of the Act.

### IV.

18.     As a consequence of Ms. Mathews' discussions regarding the COVID-19 pandemic with other employees, her complaints made directly to Defendants regarding safety precautions to prevent the spread of coronavirus during procedures, her refusal to continue working on a procedure she believed put her at risk for contracting coronavirus, and her complaint to OSHA regarding exposure to coronavirus in the workplace, Defendants discriminated against Ms. Mathews by terminating her employment. Defendants failed and refused and continue to fail and refuse to reinstate Ms. Mathews and compensate her for the time she should have continued to work for Defendants.

19.     By the facts described in Paragraphs 1 through 17 above, Defendants did discriminate and are discriminating against Ms. Mathews because of her exercise of rights under, or related to, the Act. Defendants thereby did engage in, and are engaging in, conduct in violation of section 11(c) of the Act, 29 U.S.C. § 660(c).

**WHEREFORE**, cause having been shown, the Secretary prays for judgment:

A.      Permanently enjoining and restraining Defendants, its officers, agents, servants, employees, and those persons in active concert or participation with it, from violating the provisions of § 11(c) of the Act, 29 U.S.C. § 660(c);

B. Ordering Defendants to make Ketra Mathews whole by (1) offering reinstatement to Ms. Mathews to her former position, or in lieu of reinstatement, providing her with front pay in an amount to be determined at trial; (2) reimbursing Ms. Mathews for lost wages and benefits that resulted from her termination, with interest thereon from the date due until paid; and (3) expunging from all personnel and company records references to the circumstances giving rise to Ms. Mathews' unlawful termination;

C. Ordering Defendants to make Ketra Mathews whole by providing compensation to reimburse for any costs, expenses, and/or other pecuniary losses he incurred as a result of Defendants' discriminatory actions;

D. Ordering Defendants to make Ketra Mathews whole by providing compensation for any non-pecuniary losses, including emotional pain and suffering and damage to her professional and personal reputations;

E. Ordering Defendants to pay additional compensation to Ketra Mathews as exemplary or punitive damages in an amount to be determined at trial;

F. Ordering Defendants to post in a prominent place for a period of 60 days a notice for employees stating Defendants will not in any manner discriminate against any employee for engaging in activities protected by section 11(c) of the Act, 29 U.S.C. § 660(c);

G. Awarding the Secretary the costs of this action; and

H. Ordering such further relief as is appropriate and just.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

|  |  |
|---|---|
|  | s/ Brooke E. Worden<br>**BROOKE E. WORDEN**<br>Senior Trial Attorney<br>IL Bar No. 6299672 |
| Office of the Solicitor<br>U.S. Department of Labor<br>230 S. Dearborn St, Rm. 844<br>Chicago, IL  60604<br>Telephone: (312) 353-1145<br>Facsimile:  (312) 353-5698<br>E-mail: worden.brooke.e@dol.gov,<br>acosta.jing@dol.gov | **JING ACOSTA (LEAD COUNSEL)**<br>Trial Attorney<br>IL Bar No. 6321784<br><br>Attorneys for **MARTIN J. WALSH,**<br>Secretary of Labor, United States<br>Department of Labor, Plaintiff |