**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **MONZER K. AL-DADAH, LLC**, and **MONZER K. AL-DADAH**, an individual, <br><br> Defendants. | ) ) ) ) ) ) Civil Case No. 1:22-cv-01144-JES-JEH ) ) ) ) ) ) ) |

## CONSENT JUDGMENT

Plaintiff, **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor ("Secretary") pursuant to her authority under the provisions of Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 *et seq.*) ("the Act") has filed an action for injunctive and other appropriate relief against Defendants **MONZER K. AL-DADAH, LLC**, and **MONZER K. AL-DADAH** (collectively, "Defendants"). The Secretary and Defendants agree to resolve all matters in controversy in this action and now consent to the entry of this Consent Judgment by the Court.

1. The Secretary's Complaint in this action ("Complaint") alleges that Defendants did intentionally and unlawfully terminate the employment of their former employee Ketra Mathews ("Complainant") because of her exercise of rights secured by the Act, and thereby did engage in and are engaging in conduct that violates Section 11(c) of the Act.

2. The Complaint further alleges that, as a result of Defendants' unlawful discrimination, Complainant incurred damages of loss of wages and benefits, costs, expenses, and

pecuniary losses; emotional pain and suffering; and damage to her professional and personal reputation.

3.  Defendants hereby admit to the jurisdiction of the Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

4.  This Consent Judgment is entered without restricting the Secretary's right to investigate and redress matters within her jurisdiction under the Act, including but not limited to the Secretary's right to investigate and institute enforcement actions with respect to Defendants' compliance with this Consent Judgment, or any such other matter.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED:**

1.  This Court has jurisdiction over the Parties and the subject matter of this action and is empowered to provide the relief herein.

2.  Defendants, their officers, representatives, agents, employees and all persons in active concert or participation with them, are hereby permanently enjoined and restrained from violating the provisions of Section 11(c)(1) of the Act by discriminating against, interfering with, restraining, or coercing any employee because such employee has filed any complaint or has instituted or caused to be instituted any proceeding under the jurisdiction of the Occupational Safety and Health Administration, or has testified or is about to testify in any such proceedings or because of the exercise of such employee on behalf of himself or others of any rights effected by the Act. Defendants, their officers, representatives, agents, employees and all persons in active concert or participation with them shall at all times in the future abide by the provisions of Section

11(c)(1) of the Act, 29 U.S.C. § 660(c)(1), and any future violation shall constitute a violation of the terms of the Consent Judgment.

3. At the time of the execution of this Consent Judgment, Defendants shall send, by certified mail return receipt requested, a check made payable to Ketra Mathews in the amount of twenty-thousand dollars ($20,000.00), representing back wages, less applicable withholdings. The check shall be sent to Denise Keller, Assistant Regional Administrator, Region V Whistleblower Protection Program, U.S. Department of Labor – OSHA, 100 North Summit Street, Suite 100, Toledo, OH 43604. OSHA shall promptly forward the check to Complainant. Defendants are jointly and severally liable to pay the Settlement Sum. Defendants will comply with applicable tax laws.

4. If Defendants fail to mail a check, as described above, their failure will constitute a violation of the terms of this Consent Judgment.

5. Defendants represent and warrant that, at the Secretary's request, Defendants have permanently removed any and all documents and references from Complainant's personnel files reflecting the reason for her separation.

6. Defendants shall respond to all inquiries regarding Complainant's work history or performance by providing a written, neutral job reference to the requesting employer or third party setting forth only the dates of Complainant's employment, the position she held, and her last salary or hourly wage while employed by Defendants.

7. **Postings.** Within ten (10) days of the execution of this Consent Judgment, Defendants shall permanently post in a conspicuous place at their worksite located at 2412 West Forrest Hill Avenue, Peoria, Illinois 61604, including all places where posters for employees are customarily posted, the following OSHA Posters:

      a.      The OSHA Job Safety and Health: It's the Law poster, in both English and Spanish (OSHA 3165-English, OSHA 3167-Spanish). These posters are available at:

           i.   https://www.osha.gov/Publications/osha3165.pdf

           ii.  https://www.osha.gov/sites/default/files/osha3167-8514.pdf

      b.      OSHA's Whistleblower Protection Program Fact Sheet: Your Rights as a Whistleblower, in both English and Spanish (OSHA FS-3638-English, OSHA FS-3655-Spanish). These posters are available at:

           i.   https://www.osha.gov/Publications/OSHA3638.pdf

           ii.  https://www.osha.gov/sites/default/files/publications/OSHA3655.pdf

8. This Consent Judgment shall operate as a final disposition of all claims arising out of or relating to all transactions and occurrences alleged in the Complaint.

9. Each party shall bear its own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

10. Nothing in this Consent Judgment is binding on any governmental agency other than the United States Department of Labor.

11. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

/

/

/

/

**IT IS SO ORDERED.**

**DATED**      8/9/2023

s/James E. Shadid
Hon. James E. Shadid
United States District Court Judge

The parties hereby consent to the entry of this Consent Judgment:

MONZER K. AL-DADAH, LLC,
by: *M.K. Aldadah, LLC*
its *owner*

*[signature]*

MONZER K. AL-DADAH, individually

*[signature]*

SYED AHMAD
SA Law and Consulting LLC
411 Hamilton Boulevard, Suite 1720,
Peoria, Illinois, 61602
Telephone: (309) 643-0310
E-mail: syed@salcfirm.com

*Attorneys for Defendants*

SEEMA NANDA
Solicitor of Labor

CHRISTINE Z. HERI
Regional Solicitor

*[signature]*

BENJAMIN R. SALK
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
Tel: (312) 353-2354
salk.benjamin.r@dol.gov

*Attorneys for Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor*